UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **RONALD CALDWELL, SR., INDIVIDUALLY AND BLANCHE BRADLEY INDIVIDUALLY AN ON BEHALF OF RONALD LAWAYNE CALDWELL, JR., DECEASED** | **CASE NO.: 1:23-CV-01575** |
| **VERSUS** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF NORTHWESTERN STATE UNIVERSITY, BRAD LAIRD, INDIVIDUALLY AND IN HIS CAPACITY AS AN EMPLOYEE OF NORTHWESTERN STATE UNIVERSITY, CAMPUS ADVANTAGE, INC., AND ITS INSURANCE COMPANY, XYZ INSURANCE COMPANY** | **MAG. JOSEPH H. I. PEREZ-MONTES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO F.R. C.P. 12(B)(1)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MAY IT PLEASE THE COURT:**

Campus Advantage, Inc. has moved this Court for an Order dismissing this lawsuit for lack of subject matter jurisdiction. For the reasons that follow, there is not complete diversity among the parties to provide this Court with subject matter jurisdiction.

**ALLEGATIONS IN COMPLAINT**

Item 1 of Section II of the Complaint (PARTIES) shows that Ronald Caldwell, Sr. and Blanche Bradley are domiciled in Travis County, Texas and are citizens of the State of Texas.

Item 6 of Section II makes Campus Advantage, Inc. a defendant and specifically states that Campus Advantage, Inc. is domiciled in the State of Texas.

Section III (JURISDICTION) of the Complaint establishes that Plaintiffs have filed this lawsuit based on 28 U.S.C. 1332(a), attempting to invoke this Court's diversity jurisdiction.

## LAW AND ARGUMENT

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. Fed.R. Civ. P. 12(b)(1).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Harrington v. Underwriters at Lloyds London, 6:22-CV-4064 (W.D. La. Nov 16, 2023)

The court may hear state law claims if it has diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 requires complete diversity of citizenship.  That means that **the citizenship of each defendant must be diverse from that of each plaintiff.**  A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant.  Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).  Whitaker v. Ochsner LSU Health Shreveport, Civil Action 23-cv-867 SEC P (W.D. La. Aug 03, 2023)

In this matter, the Complaint on its face shows that there is not complete diversity between each defendant and each Plaintiff as Plaintiffs and Campus Advantage are all citizens of the State of Texas.

Additionally, a corporation such as Campus Advantage, Inc. is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or the foreign state

where it has its principal place of business.  Both the Louisiana Secretary of State official website (Exhibit 1) and the Texas Secretary of State official website (Exhibit 2) list the principal place of business of Campus Advantage, Inc. as being in Austin, Texas.

## CONCLUSION

Since there is no complete diversity among all Plaintiffs and all Defendants as Plaintiffs and Campus Advantage are all citizens of the State of Texas, this Court lacks subject matter jurisdiction based on diversity and the claims of Plaintiffs should be dismissed.

Respectfully submitted:

**RABALAIS, HEBERT & COUVILLION**

*s/ Melvin A. Eiden*

_____
**MELVIN A. EIDEN (#19557) TA**
701 Robley Drive, Ste 210
Lafayette, Louisiana 70503
Telephone: (337) 981-0309
Fax: (337) 981-0905
Email:  meiden@rhhnet.com
**ATTORNEY FOR DEFENDANT,
CAMPUS ADVANTAGE, INC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has this day been forwarded as follows:

|     |                          |
|-----|--------------------------|
| --- | U.S. Mail (First Class)  |
| --- | Hand Delivery            |
| --- | Facsimile                |
| --- | Overnight Delivery       |
| X   | E-Mail – All Known Counsel |
| X   | CM/ECF system            |

Lafayette, Louisiana on this 27TH day of November, 2023.

*s/ Melvin A. Eiden*

_____
**MELVIN A. EIDEN**